**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DWAYNE STACKHOUSE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17 C 677 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Dwayne Stackhouse, has filed two motions: one for an extension of time in which to file his opening brief and one to proceed *in forma pauperis*. As the certified copy of the administrative record in this case was filed on March 28, 2017, pursuant to Local Rule 16.4, plaintiff's opening brief was due within 60 days, or by May 30th, in light of the Memorial Day holiday. Plaintiff, however, did not file his motion for an extension of time until that very day, May 30th [Dkt. #8], and provides no explanation for this. According to the motion, which is unsupported by any affidavit from counsel, counsel has taken on too many cases, and hired four new attorneys in August 2016 to "catch up and stay current with cases." The excuse of taking on too much business to comply with briefing schedules and being unable to catch up over the course of ten months is a weak one, but the filing of motions for extensions of time on the last day is worse. Surely, counsel could have figured out long before the very last day of the deadline that neither he nor his four new attorneys could comply with the briefing schedule that went into effect two months ago.

Whether it is a calculated tactic to achieve the desired result by painting the court into a corner, or merely sloppiness, it is an all too prevalent practice. Not long ago, Judge Kosinski of the Ninth Circuit, addressing an eleventh-hour motion for leave to file an oversized brief, succinctly expressed the frustration of the bench with this practice:

> . . . lawyers wait for the last minute to file chubby briefs and dare us to bounce them. Of course, it's hard to decide cases without a brief from one of the parties, and denying the motion usually knocks the briefing and argument schedule out of kilter. Denying the motion is thus more trouble than allowing the brief to be filed and putting up with the additional unnecessary pages. Sly lawyers take advantage of this institutional inertia to flout our page limits with impunity. This encourages disdain for our rules and penalizes lawyers, like petitioner's counsel, who make the effort to comply.

*Cuevas v. Hartley*, 835 F.3d 892, 893 (9th Cir. 2016)(Kozinski, J., dissenting). *See also, G & G Closed Circuit Events, LLC v. Castillo*, 2016 WL 3551634, at *7–8 (N.D. 2016). Obviously, it would be unfair in this case to penalize Mr. Stackhouse for his attorney's conduct, so the motion [Dkt. #8] must be granted. But without any more of an excuse than taking on too many clients, the requested 120 days in which to file an opening brief is too many. Accordingly, plaintiff's opening brief shall be due June 26, 2017.

Defendant's response is due August 11, 2017; plaintiff's reply is due August 25, 2017. Any further motions regarding briefing schedules or page limits must be filed at least one week in advance of due dates. There shall be no further extension granted without good cause shown.

The plaintiff's petition to proceed *in forma pauperis* [Dkt. #4] also must be denied, but without prejudice to its refiling. The plaintiff has failed to answer question 2B and his answer to question 4E conflicts with the sworn testimony he gave at the administrative hearing in his case. (R. 39). He should also reconsider his answers to questions to questions 5-8, given his hearing testimony regarding his family living arrangements. Should the plaintiff wish to refile a complete

and correct application, he has 30 days to do so. If he does not meet that deadline, his case will be dismissed unless he pays the reasonable filing fee of $400.

The purpose reason behind 28 USC § 1915 is "to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because ... poverty makes it impossible . . . ." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). That's "impossible"; not difficult or inconvenient. The plaintiff should be aware that proceeding *in forma pauperis* is not a right, but a privilege. Courts require the information requested in the application form to determine whether a plaintiff is truly unable to pay the $400 filing fee. Lying on an application can result in the dismissal of the plaintiff's case with prejudice. *See David v. Wal Mart Stores, Inc.*, 669 F. App'x 793, 795 (7th Cir. 2016); *Lofton v. SP Plus Corp.*, 578 F. App'x 603, 604–05 (7th 2014).

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 6/1/17